## County of Armstrong *versus* Coleman to use.

1. The Act of Assembly of May 25th 1878 (P. L. 147), providing that all outstanding orders drawn by the military boards prior to the passage of the Act of April 15th 1873 (P. L. 74), shall be paid by the respective counties out of the general county funds, is a valid and constitutional exercise of legislative power.

2. The Act of April 7th 1870 (P. L. 62), provided for the imposition of a militia tax in each county, to be laid per capita on such persons as were liable to military duty, but who failed to perform it. Out of the fund thus raised each county treasurer was authorized to pay the orders drawn by the county military board. The Act of April 15th 1873 (P. L.

74), repealed the clause imposing the per capita tax, but without making provision for the payment of orders outstanding at that time. The Act of May 25th 1878 (P. L. 147), provided that said orders should be paid by the respective counties out of the general county funds. *Held,* that said last named act was valid and constitutional.

October 24th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, STERRETT and GREEN, JJ. TRUNKEY, J., absent.

ERROR to the Common Pleas of *Armstrong county:* Of October and November Term 1881, No. 31.

This was an action of debt by Jacob Coleman to the use of Solomon Coleman, against the county of Armstrong, upon an order drawn by the military board of said county upon the treasurer thereof, in favor of Jacob Coleman, for the sum of $336, being payment in full for a militia company commanded by said Coleman, from October 1st 1870 to April 1st 1871. The order was indorsed by Jacob Coleman to the use of plaintiff, and had upon it an acknowledgment of the receipt of $100 on account. The action was brought in pursuance of the Act of May 25th 1878 (P. L. 147), which provides that all outstanding orders, such as the one in suit, shall be paid by the respective counties out of the several county funds.

On the trial, before NEALE, P. J., the plaintiff put the order in evidence, and proved a demand of the amount thereof of the county treasurer in December 1878, and also his refusal to honor the same.

The defendant requested the court to charge as follows :

1st. Under the whole evidence the plaintiff cannot recover. *Refused.*

2nd. Under the facts in this case, and the order in suit, the Act of Assembly, entitled An Act to provide for the payment of existing orders drawn by the military boards of the several counties of the Commonwealth, approved the 25th day of May 1878, can have no effect to entitle the plaintiff to recover, and the verdict of the jury should be for the defendant. *Refused.*

The court directed a verdict for plaintiff, subject to the opinion of the court on the point of law reserved, whether the Act of Assembly is constitutional or not, and whether the law can be enforced.

Verdict for the plaintiff in the sum of $375.94, being the amount of the order unpaid, with interest thereon from the date thereof.

The Court subsequently entered judgment for the plaintiff on the reserved point, whereupon defendant took this writ, assigning for error the refusal of defendant's points, the entry of judgment for plaintiff on the reserved point, and the allowing of interest on plaintiff's order before demand made.

[County of Armstrong *v.* Coleman, to use.]

*E. S. Golden*, for plaintiff in error.—The Act of May 25th 1878 is unconstitutional, in that it seeks to create a liability against counties where none previously existed, and where there was neither moral nor legal obligation resting on the county to pay. That there was, prior to the passage of this act, no obligation resting on a county to pay orders similar to that in suit is settled by County of Wyoming *v.* Bardwell, 3 Norris 104. The legislature could not create such a obligation : Shewell *v.* Keen, 2 Whart. 332; Hartle *v.* Long, 5 Barr 491.

*M. F. Leason* (with whom was *J. Gilpin*), for the defendant in error.—The presumption is always in favor of the constitutionality of Acts of Assembly : Speer *v.* School Directors of Blairsville, 14 Wr. 158. The inhabitants of the county had certainly derived benefit from the establishment of the militia company, and there was accordingly a moral obligation on their part to pay therefor. This is sufficient to sustain the constitutionality of the tax : Sharpless *v.* Mayor of Phila., 9 Harris 148; Commonwealth *v.* Maxwell, 3 Casey 456; Weister *v.* Hade, 2 P. F. Smith 477; Lycoming *v.* Union, 3 Harris 170; Stebbins *v.* Co. of Crawford, 11 Norris 289.

Mr. Justice Paxson delivered the opinion of the court, November 14th 1881.

We are in no doubt as to the constitutionality of the Act of Assembly, approved May 25th 1878, entitled "An act to provide for the payment of existing orders drawn by the military boards of the several counties of this Commonwealth." P. L. 147. The object of the act is so fully set forth in the preamble that I give it entire : "Whereas, Previous to the act, approved the 15th day of April 1873. entitled ' A further supplement to the Act of 4th May 1864, entitled ' An Act for the organization, discipline and regulation of the militia of the Commonwealth of Pennsylvania,' the military boards of the several counties of this Commonwealth had power to draw their orders on the county treasurer of the proper county in payment of the necessary expenses of the military organizations of the county; and whereas, by the then existing laws provisions were made for the payment of orders so drawn; and whereas, by the 9th section of said Act of 15th of April 1873 all means for the payment of such orders was repealed ; and whereas, on the said 15th of April 1873, and prior thereto, there were in existence in several of the counties of this Commonwealth outstanding orders drawn by the military boards aforesaid, which, in good faith, should be paid, therefore;" the act then provides that all such outstanding orders shall be paid by the respective counties out of the general county funds.

[Roddy's Appeal.]

At the time the order which is the subject of the present controversy was drawn it was the duty of the county treasurer to have paid it out of a special fund raised by the militia tax, which was laid per capita on those persons who were liable to military duty but who failed to perform it.  See sections 4 and 5 of the Act of 7th April 1870.  The Act of 15th April 1873 repealed the per capita tax, and thus destroyed the fund out of which the orders had theretofore been paid.  Next in order of time came the decision of this court in Wyoming County v. Bardwell, 3 Norris 104 (decided in 1877), in which it was held that the county was not liable for the payment of such orders. This was followed by the Act of 1878, above referred to, which was plainly intended to furnish a remedy in lieu of the one which had been taken away by the Act of 1873.  The difference between the remedies is this: The Act of 1870 imposed the liability upon a portion only of the citizens of the county, while the Act of 1878 imposed it upon the entire body of the county.  The services of this military company had been performed, and the liability incurred before the repealing act of 1873 was passed.  It was the duty of the county treasurer then to have paid it; not, indeed, out of the general county funds, but out of the particular fund before referred to.  The act of 1878 cannot therefore be said to impose a new debt or obligation upon the county which it did not owe.  Nor is the change of remedy open to criticism.  It merely laid the burden upon all the citizens of the county instead of upon a few.  The Act of 1878 was an exercise of the taxing power of the Commonwealth, and is not obnoxious to any constitutional provision.

It follows from what has been said that the rulings of the learned judge of the court below were entirely accurate, and his judgment therefore must be                    Affirmed.